## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| SARAH WILSON, et al. <br> Plaintiff, <br> v. <br> ERIC GREGORY, et al. <br> Defendants. | Case No. 1:17-cv-554 <br><br> Judge Timothy S. Black |

## STIPULATED PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION

Undersigned counsel, on behalf of their respective parties move the Court to enter into the following protective order ("Order"). The Order is made pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to limit the disclosure of discovered information, for the protection of third parties, and to preserve confidentiality of certain matters. The parties agree to be bound by the restrictions of this Order, limiting the use of such information as hereinafter provided from the date that each party signs this order.

Each party signing this Order and anyone else who may subscribe to this Order agrees as follows:

### INFORMATION SUBJECT TO THIS ORDER

1. This stipulated protection order covers all medical and mental health records produced for Jack Huelsman, Cheryl Huelsman, any Plaintiff or any Defendant, which have been or will be produced in discovery in this case. These records shall be subject to discovery between and among the parties but shall otherwise be kept confidential.

2. Any party or non-party that produces information as to which it then has a reasonable good faith basis in law and fact to believe is of the type described in Paragraph 1, at the time of production, shall designate such information "confidential." Information so designated (hereinafter "confidential information") shall thereafter be subject to the provisions of this Order.

3. Confidential information, as described in this section, shall, if in writing, be stamped on the face of the writing, or shall otherwise be clearly marked "confidential."

4. Parties may designate as confidential information referenced at any deposition or portion thereof by making such designation on the record at the time of the deposition. If no confidential designation is made during a deposition, the contents shall be treated as confidential under this Order until 15 days after receipt of the transcript. Within that period, any party wishing to designate all or any portion of the deposition transcript as confidential shall make the appropriate designation in writing and then serve that designation by electronic or U.S. mail upon counsel for all parties. However, if no party orders a copy of the transcript at the time of the deposition or within 5 business days of the deposition, the contents of the deposition in its entirety shall be treated as confidential up to and until a copy of the same is ordered.

5. In the event of an inadvertent disclosure of confidential information without proper designation, the disclosing party shall inform the other party of the error. Inadvertent failure to designate any information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within thirty (30) days of the discovery of the inadvertent disclosure. Following discovery of the inadvertent disclosure, the disclosing party shall provide within three (3) business days a properly designated set of such confidential information to the other party, whom shall destroy copies of the improperly designated documents and certify such destruction to the disclosing party.

6. Confidential information protected by this Order may be disclosed only to:

    a.        Counsel of record;

  b. Members of the legal, paralegal, secretarial, and clerical staff of such counsel;

  c. The court in which this action is pending and persons associated with it;

  d. Expert consultants.

  e. Parties.

  f. A deponent and his or her attorney, but only during the course of his or her deposition.

  g. A court reporter.

7. If counsel for any party intends to disclose confidential information to any person described in Paragraph 6(d), counsel for that party shall require, prior to disclosure, that such person first read this Order, agree to be bound by its terms, submit to the authority of this Court for enforcement of this Order, and execute the Agreement attached hereto as Doc. 16-1. The signed Agreement shall be maintained by counsel until the conclusion of this action.

8. While protected by this Order, any information designated "confidential" shall be held in confidence by each person to whom it is disclosed.

9. Any document subject to this Order used at trial, in discovery, in a deposition, expert report, pleading, or in any other way so as to make it a potentially public record, it shall be so submitted "under seal" with prior permission of the Court, upon motion and for good cause shown. This Protective Order does not authorize filing protected Materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996).

10. Within thirty (30) days following a final determination of this litigation, every person or party to whom confidential information has been furnished or produced shall destroy all copies, and provide the producing party with counsel's certification of that destruction. This paragraph includes

deposition exhibits, but not attorney notes. This paragraph does not require any party to return or destroy any information which was filed with the Court.

11. This Order is entered solely for the purpose of protecting the confidentiality of information and facilitating the exchange of documents and information between the parties to this proceeding, and may be amended as need may rise by the mutual consent and agreement of counsel, subject to the ultimate approval of the Court, as provided below.

12. After the termination of this proceeding, this Protective Order shall continue to be binding upon the parties hereto, and upon all persons to whom confidential information has been disclosed or communicated, and the Court shall retain jurisdiction for enforcement of its provisions.

13. Notwithstanding anything above to the contrary, this Order does not govern the procedures for the use of the documents or information to which this Order applies at any trial of this matter. Rather, in the event of a trial of this matter, the parties will work to enter into a written agreement as to the use of the documents or information to which this Order applies at any such trial, subject to the instructions of the Court.

This Order is subject to modification by the Court.

IT IS SO ORDERED.

2/26/18
Date

Timothy S. Black
United States District Judge

Approved by and agreed to:

/s/ Janaya Trotter Bratton
Jennifer L. Branch (0038893)
Trial Attorney for Plaintiff
Alphonse A. Gerhardstein (0032053)
Janaya Trotter Bratton (0084123)
Attorney for Plaintiff
Gerhardstein & Branch Co. LPA
441 Vine Street, Suite 3400
Cincinnati, Ohio 45202
Tel (513) 621-9100
Fax (513) 345-5543
jbranch@gbfirm.com
agerhardstein@gbfirm.com
jtbratton@gbfirm.com

*Counsel for Plaintiff*

D. VINCENT FARRIS
CLERMONT COUNTY PROSECUTOR

/s/ G.Ernie Ramos Jr.
G. Ernie Ramos Jr. (0016709)
Jeannette E. Nichols (0071627)
Jason A. Fountain (0081265)
101 East Main Street
Batavia, Ohio 45103
Tel (513) 732-8193
Fax (513) 732-8171
eramos@clermontcountyohio.gov
jnichols@clermontcountyohio.gov
jfountain@clermontcountyohio.gov

/s/ Kimberly A. Rutowski
Kimberly A. Rutowski (0076653)
HARDIN, LAZARUS & LEWIS
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202
Tel (513) 721-7300
Fax (513) 721-7008
krutowski@hllmlaw.com

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| SARAH WILSON, et al.<br>Plaintiff, | : | Case No. 1:17-cv-554 |
| v. | : | Judge Timothy S. Black |
| ERIC GREGORY, et al.<br>Defendants. | : | **ACKNOWLEDGEMENT AND<br>AGREEMENT TO BE BOUND** |

The undersigned hereby acknowledges that he/she has read the Protective Order dated February 16, 2018 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

                        _____

                        _____

Date: _____    _____
                                  Signature