**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SARAH WILSON, *et al.*,                    :        Case No. 1:17-cv-554
                                                        :
          Plaintiffs,                              :        Judge Timothy S. Black
                                                        :
vs.                                                   :
                                                        :
ERIC GREGORY, *et al.*,                   :
                                                        :
          Defendants.                           :

**ORDER DISMISSING THIS CASE WITHOUT PREJUDICE**

This case is before the Court pursuant to an Order of the United States Court of

Appeals for the Sixth Circuit in *Wilson v. Gregory*, No. 20-4161, 2021 WL 2708863

(July 1, 2021).  (Doc. 78). The Order of the Court of Appeals directs this Court, *inter*

*alia*, "to determine whether to exercise supplemental jurisdiction" over the state law

claims that remain. *Wilson*, No. 20-4161, 2021 WL 2708863, at *13 (6th Cir. 2021).  For

the reasons stated below, this Court declines to exercise supplemental jurisdiction and

dismisses all remaining claims without prejudice.

In August 2017, Plaintiff Sarah Wilson filed this case as administrator for the

estate of Jack Huelsman. The complaint alleges two federal causes of action: a

deprivation of rights under 42 U.S.C. § 1983 and a failure to accommodate under the

Americans with Disabilities Act. ("ADA"). (Doc. 1). The complaint states three

additional grounds for relief based on state law: wrongful death, intentional infliction of

emotional distress and negligent infliction of emotional distress. (*Id.*).

This Court's initial jurisdiction over the state law claims, as set forth by Plaintiff, "is conferred by 28 U.S.C. § 1367(a)." (Doc. 1 at ¶2). That statute allows the Court to exercise supplemental jurisdiction over state law claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. The complaint does not assert diversity jurisdiction. And, because all parties reside in Ohio, it does not appear diversity of citizenship exists.

After discovery, Defendants moved for summary judgment. (Doc. 60). On that motion, the Court dismissed all claims against Defendants. (Doc. 73). Plaintiff appealed. On appeal, the Court of Appeals affirmed dismissal of the federal claims but vacated the Court's dismissal of the state law claims. *Wilson*, No. 20-4161, 2021 WL 2708863, at *12. Accordingly, on remand to this Court, the only remaining causes of action are state law claims.

Under 28 U.S.C. §1367(c), district courts may decline to exercise supplemental jurisdiction, if "the district court has dismissed all claims over which it has original jurisdiction." *See Carlsbad Tech., Inc. v. HIF Bio*, Inc., 556 U.S. 635, 637 (2009). By long-established principle, the district court ought to evaluate "the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). However, the Court of Appeals is clear that when "all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir.1996); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

On the issue of judicial economy and convenience—which the Court will evaluate as a single consideration—there are indeed factors that cut in favor of exercising supplemental jurisdiction.  The Court recognizes the parties have invested resources in litigating in this forum. For example, the parties conducted several depositions. Additionally, having to re-file this case would occasion some filing costs and potential delay. On the other hand, the parties should be able to use the depositions already conducted in a newly commenced state court case.  *See* Ohio Civ. R. 32  ("When another action involving the same subject matter is or has been brought between the same parties or their representatives or successors in interest, all depositions lawfully taken in the one action may be used in the other as if originally taken therefor."). This mitigates the potential inconvenience to the parties.

It is also important to consider, against the possibility of inconvenience of a dismissal, the Sixth Circuit's clear preference for dismissing or remanding residual state law claims when the federal claims are dismissed "before trial." *Musson*, 89 F.3d at 1254 (6th Cir. 1996). This preference applies to cases at the summary judgment stage. *See e.g.*, *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). It also applies where, as here, the district court has earlier tried to resolve the state law claims on the merits of a motion for summary judgment. *See Booker v. City of Beachwood*, 451 F. App'x 521, 523 (6th Cir. 2011).

Ultimately, the parties' expenditure of resources in this forum and the potential filing costs in state court are apt considerations. But they are not so weighty as to displace the Sixth Circuit's clear preference that federal district courts dismiss state law claims

where the federal claims are resolved before trial. *Musson*, 89 F.3d at 1254 (6th Cir. 1996).

On the issue of fairness, the Court finds few implications that would result from dismissal. The statute that confers supplemental jurisdiction tolls Plaintiffs state law claims during the pendency of this case, so Plaintiffs may timely file in state court. *See* 28 U.S.C. § 1367(d).[1] Yes, re-commencing the case will incur filing costs, but those costs do not constitute an unfair imposition on Plaintiff relative to the relief sought in this case. The Court concludes that leaving the state law claims for state adjudication accords with fairness to the parties.

Finally, on the issue of comity, there are good reasons to give Ohio state courts the opportunity to decide the remaining issues. The remaining claims are torts, none of which are "closely tied to questions of federal policy." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966) (noting that federal pre-emption questions would produce a stronger justification for supplemental jurisdiction). The parties' arguments on the remaining issues "will depend heavily on the interpretation and application of state law authority." *Salem v. City of Akron*, 448 F. Supp. 3d 793, 812 (N.D. Ohio 2020). Particularly, a core defense to the remaining claims involves state-conferred immunity for law enforcement officers. (Answer, Doc. 2, Second Affirmative Defense). As the Court of Appeals' decision makes clear, Ohio-based statutory immunity is an evolving topic of

---

[1] Courts are split on how § 1367(d) works—specifically, whether it annuls, suspends or extends the existing clock on the relevant statute of limitations. *See Smith v. Erie Cty. Sheriff's Dep't,* 2016-Ohio-543, ¶¶ 18-19, 59 N.E.3d 725, 729 (6th Dist. 2016) (discussing the various approaches).

law that diverges from the legal standards that apply to federal-based immunity.[2] For these reasons, the resolution of the remaining state law claims is best left to Ohio courts.

Because this case was originally filed in federal court, a direct remand to state court is not an option.  *See Cohill*, 484 U.S. at 351 (1988). Accordingly, the Court declines to exercise supplemental jurisdiction by dismissing this case without prejudice. 28 U.S.C. §1367(c).

Based on the foregoing, this case is **DISMISSED** without prejudice. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date:  August 18, 2021                                      *s/ Timothy S. Black*
                                                                          Timothy S. Black
                                                                          United States District Judge

---

[2] The Sixth Circuit states: "Whether this record shows that Deputies Gregory and Walsh's actions constituted a violation of particular federal constitutional rights under § 1983 is a substantially different question than whether they (and particularly Deputy Gregory) acted with malicious purpose, in bad faith, or in a wanton or reckless manner as Ohio law uses those terms." *Wilson v. Gregory*, No. 20-4161, 2021 WL 2708863, at *11 (6th Cir. July 1, 2021).